UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC KAPOSTA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-1369 |
| | § | |
| CHASE HOME FINANCE LLC, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Chase Home Finance, LLC's ("Chase") motion to dismiss Plaintiff Eric Kaposta's original petition. Doc. 4. Kaposta filed his original petition (Doc. 1-1 at 5-11) in District Court for the 189th Judicial District of Harris County. Shortly after, Chase removed that case to this Court on the grounds of the Court's diversity jurisdiction. Doc. 1. Chase now moves to dismiss Kaposta's petition under Rule 12(b)(6) for failure to state a claim for which relief can be granted. Doc. 4. Kaposta has not responded to the motion.

Having considered the motion, the facts of this case, and the applicable law, the Court finds that Chase's motion to dismiss should be granted.

Background

This case arises out of a dispute between Kaposta and Chase over a mortgage which Chase claims to own on Kaposta's real property. Doc. 1-1 at 7. Although Kaposta's original petition does not clearly state as much, his petition suggests that he obtained a mortgage to purchase a piece of real property at 443 Hollow Drive, Houston, Texas. *Id.* at 6. Kaposta now has fallen behind in mortgage payments and Chase has made efforts to foreclose on Kaposta's property. *Id.* at 7.

Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556.

Analysis

Kaposta has not clearly identified any viable or independent cause of action in his complaint. Under a section labeled "Facts," Kaposta conclusorily states that "Chase has violated its fiduciary duty to Plaintiff," and that "Chase has intentionally inflicted emotional harm on Plaintiff," but provides no factual background for these statements. Doc. 1-1 at 8. Similarly, Kaposta's original petition included an application for a temporary restraining order to restrain Chase "from proceeding with a foreclosure sale of the property . . . pending a trial on the merits

of this case," but it is far from clear what the merits of this case are. Doc. 1-1 at 9.

To the extent that Kaposta seeks recovery for breach of fiduciary duty and intentional infliction of emotional distress, he has failed to state a claim. A claim for breach of fiduciary duty is premised on the existence of a fiduciary duty, and "Texas courts have held that the relationship between a borrower and lender is not a fiduciary one." *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176 (S.D.Tex. 2007)(citing *1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital*, 192 S.W.3d 20, 36 (Tex.App.-Houston 2005)("Generally, the relationship between a borrower and a lender is an arm's length business relationship in which both parties are looking out for their own interests."); *Manufacturers Hanover Trust Co. v. Kingston Inv. Corp.*, 819 S.W.2d 607, 610 (Tex.App.-Houston. [1st Dist.] 1991, no writ) (holding as a general rule that a "bank and its customers do not have a special or confidential relationship"). Because no fiduciary relationship exists between Kaposta and Chase, his claim on this ground is dismissed.

Kaposta's claim for intentional infliction of emotional distress also fails. To state a claim for intentional infliction of emotional distress under Texas law, a plaintiff must show that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Hoffmann–LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex.2004)(citing *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex.1998)). "The outrageous conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Robinson v. BAC Home Loan Servicing, LP*, 2011 WL 2490601, *5 (S.D.Tex. 2011)(quoting, *Hoffman*, 144 S.W.3d at 445 (internal citations

omitted).

Kaposta alleges that Chase "failed to adequately notice or advise Plaintiff" that it acquired the rights to his mortgage, "sent correspondence to Plaintiff . . . offering to collaborate on a solution" to Plaintiff's default, and sent a Chase employee to Kaposta's house to verify if the house was occupied. Doc. 1-1 at 8. None of the facts alleged demonstrates the type of extreme and outrageous conduct required to establish a claim for intentional infliction of emotional distress. This claim therefore must be dismissed.

Although Kaposta does not clearly assert a claim for wrongful foreclosure, the Court notes that the alleged facts do not support such a claim. To state a claim for wrongful foreclosure in Texas, a plaintiff must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex.App.-Corpus Christi 2008). Kaposta has not alleged that Chase has conducted a foreclosure sale of his property. To the contrary, he brought this suit to prevent an allegedly impending foreclosure sale. He cannot, therefore, state a claim for wrongful foreclosure.

Because Kaposta has no underlying claims to present at trial, his application for a temporary restraining order "pending a trial on the merits" also must be dismissed.

Conclusion

For the forgoing reasons, the Court hereby

**ORDERS** that Defendant Chase Home Finance, LLC's motion to dismiss is **GRANTED** and this case is **DISMISSED** without prejudice.

SIGNED at Houston, Texas, this 8th day of February, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE